IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GLEN SCOTT YOW,                    )
                                   )
              Petitioner,           )
                                   )
      v.                           )    1:11CV320
                                   )
JUDGE BRADFORD LONG, et al.,       )
                                   )
              Respondent.          )

**ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Petitioner has indicated that state court remedies have not been exhausted. [28 U.S.C. § 2254(b).] As Petitioner has been told before, he must exhaust his state court remedies before filing in federal court. This Court cannot grant relief on any claim that is not exhausted.

2. Petitioner has not named his custodian as the respondent. As he has also been told on prior occasions, Rule 2 of the Rules Governing Section 2254 Cases, requires that the petition name the state officer having custody of the applicant as respondent. The Court takes judicial notice that a proper respondent for North Carolina state prisoners challenging their North Carolina judgment of conviction is Alvin W. Keller, Jr., the Secretary of the North Carolina Department of Correction. Naming the wrong custodian is a common point of confusion, and the Court assumes that Petitioner wishes to name the proper custodian as respondent. Accordingly, unless Petitioner objects within eleven days of the issuance of this Order, the petition is deemed from this point forward to be amended to name Alvin W. Keller, Jr. as respondent.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition, after he has exhausted his state court remedies. The new petition must be on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and must otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition, after exhausting his state court remedies, which corrects the defects of the current petition.

                                      /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                              **United States Magistrate Judge**

April 26, 2011